PETTIT LAW HAWAI'I LLLC
TED N. PETTIT, ESQ.            [4287]
Email: ted@pettitlawhawaii.com
Pauahi Tower
1003 Bishop Street, Suite 2700
Honolulu, Hawai'i 96813-3283
Phone: (808) 237-2477 | Fax: (808) 664-6723

MORGAN, LEWIS & BOCKIUS LLP
ANDREW J. GALLO *(pro hac vice application forthcoming)*
One Federal Street
Boston, MA 02110-1726
Phone: +1 (617) 951-8117
Email:  andrew.gallo@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
MELISSA Y. BOEY *(pro hac vice application forthcoming)*
1400 Page Mill Road | Palo Alto, CA 94304
Phone: +1 (650) 843-4000
Email:  melissa.boey@morganlewis.com

Attorneys for HAWAIIAN TELCOM, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| CLEARCOM, INC.,<br><br>   Appellant.<br><br>   v.<br><br>HAWAIIAN TELCOM, INC.,<br><br>   Appellee. | Case No. 1:22-CV-00428-JAO-KJM (Bankruptcy Appeal)<br><br>**APPELLEE HAWAIIAN TELCOM, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL** |

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................1

ANALYSIS...................................................................................................2

    A.    *Under the bankruptcy finality rules established by the Ninth Circuit, the Contempt Order constituted an appealable final order* ................................................................................2

    B.    *Clearcom's Opposition erroneously relies on inapplicable case law* ..................................................................................6

    C.    *Clearcom's timely appeal of the Final Enforcement Order does not cure the jurisdictional defect in its late-filed appeal of the Contempt Order*..................................................................10

CONCLUSION ..........................................................................................12

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Belli*,
    268 B.R. 851 (B.A.P. 9th Cir. 2001) ................................................................. 8

*In re Chateaugay Corp.*,
    838 F.2d 59 (2d Cir. 1988) ............................................................................... 5

*In re Chatha*,
    Case No. 19-02341, 2020 WL 1082783 (E.D. Cal. Mar. 6, 2020),
    *aff'd sub nom. Chatha v. Whatley,* Case No. 20-15519, 2021 WL
    4301511 (9th Cir. July 16, 2021) ..................................................................... 8

*In re CSM Realty Corp.*,
    Case No. 00-7883, 2001 WL 987919 (S.D.N.Y. Aug. 29, 2001) ..................... 5

*In re Douglas J. Roger, M.D., Inc., APC*,
    393 F. Supp. 3d 940 (C.D. Cal. 2019) ........................................................ 3-4

*Frazier v. Wirum*,
    Case No. 15-01484, 2015 WL 5440726 (N.D. Cal. Sept. 15, 2015) ................ 4

*Gilbert v. APT 4891, LLC*,
    Case No. 14-0807, 2015 WL 13333194 (C.D. Cal. Jan. 27, 2015) .................. 4

*Green Tree Servicing LLC v. Giusto*,
    553 B.R. 778 (N.D. Cal. 2016) ......................................................................... 4

*In re Gugliuzza*,
    852 F.3d 884 (9th Cir. 2017) ....................................................................... 2, 6

*In re Guy F. Atkinson Co. of California*,
    242 B.R. 497 (B.A.P. 9th Cir. 1999) ................................................................ 4

*In re Liu*,
    611 B.R. 864 (B.A.P. 9th Cir. 2020) ............................................................ 5, 6

*Livecchi v. Gordon*,
    513 B.R. 209 (W.D.N.Y. 2014) ........................................................................ 7

*OSRecovery, Inc. v. One Groupe Int'l, Inc.*,
    462 F.3d 87 (2d Cir. 2006) .................................................................................. 7-8

*In re Perl*,
    811 F.3d 1120 (9th Cir. 2016) ............................................................................. 2-3

*Ritzen Grp., Inc. v. Jackson Masonry, LLC*,
    140 S. Ct. 582 (2020) ............................................................................... 6, 7, 10, 11

*Sapere Wealth Mgmt. LLC v. MF Glob. Holdings Ltd.*,
    546 F. App'x 56 (2d Cir. 2013) ............................................................................ 4, 5

*In re SoCal Sleep Centers, LLC*,
    Case No. 14-28581, 2016 WL 4198534
    (B.A.P. 9th Cir. Aug. 8, 2016) ............................................................................. 8-9, 11

*In re: Soundview Elite, Ltd.*,
    Case No. 15-5666, 2016 WL 1178778 (S.D.N.Y. Mar. 23, 2016) .................... 7

*In re Stasz*,
    387 B.R. 271 (B.A.P. 9th Cir. 2008) .................................................................... 9

*In re Tech. Knockout Graphics, Inc.*,
    833 F.2d 797 (9th Cir. 1987) ................................................................................ 4

*Thompson v. Bronitsky*,
    Case No. 13-04793, 2014 WL 2452043 (N.D. Cal. May 30, 2014) .................... 4


**Statutes and Other Authorities**

11 U.S.C. § 1109 .......................................................................................................... 8

Fed. R. Bankr. P. 8002(a) .................................................................................... 2, 5, 9

## APPELLEE HAWAIIAN TELCOM, INC.'S REPLY IN SUPPORT OF <u>MOTION TO DISMISS APPEAL</u>

Appellee Hawaiian Telcom, Inc. ("<u>HTI</u>" or "<u>Appellee</u>") files this Reply in support of its *Motion to Dismiss Appeal,* filed on October 17, 2022 at Docket No. 6 (the "<u>Motion</u>"), and in response to the *Memorandum in Opposition*, filed on January 23, 2023 at Docket No. 17 (the "<u>Opposition</u>") by Clearcom, Inc. ("<u>Clearcom</u>" or "<u>Appellant</u>").  HTI's Motion seeks dismissal of a portion of Clearcom's above-captioned appeal, due to the untimely filing of Clearcom's Notice of Appeal.

## I. <u>INTRODUCTION</u>

Clearcom's appeal of the Contempt Order,[1] filed long after the 14-day time limit set forth in the Bankruptcy Rules, is jurisdictionally defective.  The Opposition attempts to rectify this by characterizing the Contempt Order as an interlocutory order, but the Opposition's arguments disregard well-settled Ninth Circuit jurisprudence, rely on inapposite case law, and are logically unsound.  The Contempt Order is a final order because the Bankruptcy Court fully determined and resolved the discrete issue of ownership of the Spare Reels in requiring such assets to be turned over to HTI.  Upon the issuance of the Contempt Order, there remained nothing further for the Bankruptcy Court to rule on in connection with this discrete issue.

---

[1] All capitalized terms used but not defined herein hold the meanings ascribed to them in the Motion.

Under the governing standards set forth by the Ninth Circuit, the Contempt Order is a final order, which requires timely appeal in order to establish appellate jurisdiction. Because Clearcom missed the 14-day appeal deadline required under Bankruptcy Rule 8002(a), Clearcom's belated appeal of the Contempt Order must be dismissed.

## II. ANALYSIS

### A. Under the bankruptcy finality rules established by the Ninth Circuit, the Contempt Order constituted an appealable final order.

In its Opposition, Clearcom conveniently ignores the governing Ninth Circuit standards discussed in the Motion – in fact, Clearcom's entire brief cites solely to case law from within the Second Circuit – and flippantly asserts that the lack of a "bright-line test" regarding finality in the *Second* Circuit means that the Motion must be dismissed here in the Ninth Circuit. *See* Opp. at 4.

Controlling precedent in the Ninth Circuit, however, has consistently used the following two-part test to determine whether an order is appealable as a final judgment in bankruptcy proceedings: examining "whether the bankruptcy court's decision 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *See, e.g., In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) (*quoting In re SK Foods, L.P.,* 676 F.3d 798, 802 (9th Cir. 2012)); Motion at 9. The Ninth Circuit's case of *In re Perl*, for instance, cites **eleven**

2

other Ninth Circuit opinions which have utilized this two-part finality test. 811 F.3d 1120, 1126 (9th Cir. 2016).

As discussed in the Motion, it is readily apparent that the Contempt Order fully resolved and seriously affected the substantive rights of the parties in connection with the Spare Reels. The Bankruptcy Court had already, through the Initial MTE Order, determined that HTI properly purchased the Spare Reels through the 363 Sale. *See* Paniolo Bankr., ECF 537 at 11 (holding that the Spare Reels were "undoubtedly" part of the assets to be transferred to HTI under the 363 Sale). When SIC and its affiliates (including Clearcom) refused to comply with the Initial MTE Order, HTI filed the Contempt Motion, and a second round of briefing and argument ensued regarding HTI's ownership of the Spare Reels. In the issued Contempt Order, the Court confirmed its previous findings, and punctuated the finality of its determination by attaching sanctions to any continued failure by the SIC Parties to turn over the Spare Reels to HTI. *See* Contempt Order ¶¶ 3-5 (requiring an immediate turnover of the Spare Reels, and imposing a daily monetary sanction until turnover was effected). The Contempt Order unmistakably reflects the Bankruptcy Court's final determination regarding the issue of ownership of the Spare Reels.

Courts in the Ninth Circuit have consistently found that orders issued in bankruptcy cases which address or resolve questions of substantive rights in disputed assets are final, immediately appealable orders. *See, e.g., In re Douglas J. Roger,*

3

*M.D., Inc., APC,* 393 F. Supp. 3d 940, 956 (C.D. Cal. 2019) (order denying motion seeking to hold an auction of certain assets held by the bankruptcy estate); *Frazier v. Wirum*, Case No. 15-01484, 2015 WL 5440726, at *3 (N.D. Cal. Sept. 15, 2015) (order which resolved the issue of the propriety of the sale of a particular asset); *Gilbert v. APT 4891, LLC*, Case No. 14-0807, 2015 WL 13333194, at *2 (C.D. Cal. Jan. 27, 2015) (order finding that a particular asset was not covered by the automatic stay).[2]

 Contrary to Appellant's belief, the Second Circuit case law referenced in the Opposition does not conflict, but fully comports with, the Ninth Circuit's two-part finality standard. In *Sapere,* cited in the Opposition at 3-4, the bankruptcy court and district court specifically noted that the denial of the motion did not "determine the rules that appl[ied] to distributions from the Chapter 11 Debtors' estates," and "did not foreclose Sapere's ability to continue to assert a priority right to distributions." *Sapere Wealth Mgmt. LLC v. MF Glob. Holdings Ltd.*, 546 F. App'x 56, 57 (2d Cir. 2013). In other words, the order at issue was not a final order, because it did not issue any determinations or findings regarding the parties' substantive rights in

---

[2] For further examples, *see also, e.g., In re Tech. Knockout Graphics, Inc.,* 833 F.2d 797, 800–01 (9th Cir. 1987) (order determining the discrete issue of the debtor's right to designate allocation of its tax payments); *In re Guy F. Atkinson Co. of California,* 242 B.R. 497, 498–99 (B.A.P. 9th Cir. 1999) (order authorizing bonding companies to negotiate and propose compromises of disputed claims); *Thompson v. Bronitsky*, Case No. 13-04793, 2014 WL 2452043, at *5 (N.D. Cal. May 30, 2014) (order denying a motion to compel the trustee to object to a disputed claim); *Green Tree Servicing LLC v. Giusto*, 553 B.R. 778, 781 (N.D. Cal. 2016) (order awarding attorneys' fees and costs in connection with a specific motion).

4

connection with the assets at issue. *Id.; see also In re Chateaugay Corp.,* 838 F.2d 59, 62 (2d Cir. 1988) (finding no finality where further proceedings were envisioned "to determine the rights of the parties.") (cited in Opp. at 4).

The same is not true of the Contempt Order, which compelled SIC's turnover of the Spare Reels in accordance with the Court's findings regarding rightful ownership of this asset after the 363 Sale. The Bankruptcy Court's rulings had completely determined the parties' respective substantive rights with respect to the Spare Reels, and had even imposed consequences for any violations of those rights. This rendered the Contempt Order a final, appealable order. *See, e.g., In re CSM Realty Corp.,* Case No. 00-7883, 2001 WL 987919, at *3 (S.D.N.Y. Aug. 29, 2001) (the bankruptcy court's order, which "completely determined" the parties' rights in connection with the assignment of a particular asset, was final, and thus the failure to timely appeal the order deprived the court of appellate jurisdiction).

Accordingly, under the Ninth Circuit's bankruptcy finality standards, the Bankruptcy Court's issuance of the Contempt Order commenced the 14-day clock for a timely appeal under Bankruptcy Rule 8002(a). Since Clearcom failed to timely appeal the Contempt Order, the Court now lacks the appellate jurisdiction to review the Contempt Order. *See, e.g., In re Liu,* 611 B.R. 864, 872 (B.A.P. 9th Cir. 2020) ("[T]he failure to recognize that a particular type of bankruptcy order is final and

5

immediately appealable [under the two-step finality test] typically means that the litigant will miss the appeal deadline and lose his or her right and ability to appeal.").

This failure to file a timely appeal by Clearcom is not defensible: the Ninth Circuit's finality test is "not new," and "[t]he Ninth Circuit has long advised litigants in bankruptcy who are unsure about the finality of an order to file a notice of appeal to preserve their rights whether the matter was final or interlocutory." *Id.* at 872-3. Clearcom's belated attempt to challenge the Contempt Order over four months after its issuance is thus entirely baseless.

**B.     Clearcom's Opposition erroneously relies on inapplicable case law.**

The Ninth Circuit's two-part finality test takes into account the unique nature of contested matters and other disputes within a bankruptcy case: while a debtor's bankruptcy is pending, it will undoubtedly encounter many discrete disputes involving different parties with varying interests, each of whom are impacted by the debtor's bankruptcy in different ways. *See In re Gugliuzza*, 852 F.3d 884, 894 (9th Cir. 2017) ("[T]he rules are different in bankruptcy because a bankruptcy case involves an aggregation of individual controversies"). The Supreme Court's recent opinion in *Ritzen Grp., Inc. v. Jackson Masonry, LLC* provides further detail on this unique structure:

> The ordinary understanding of "final decision" is not attuned to the distinctive character of bankruptcy litigation . . . It is thus common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending. Delaying appeals from

6

> discrete, controversy-resolving decisions in bankruptcy cases would long postpone appellate review of fully adjudicated disputes. Moreover, controversies adjudicated during the life of a bankruptcy case may be linked, one dependent on the outcome of another. Delaying appeal until the termination of the entire bankruptcy case, therefore, could have this untoward consequence: Reversal of a decision made early on could require the bankruptcy court to unravel later adjudications rendered in reliance on an earlier decision.

140 S. Ct. 582, 586–87 (2020). In *Ritzen,* the Supreme Court determined that the bankruptcy court's order denying relief from the automatic stay constituted a final, immediately appealable order, and thus the failure to file a notice of appeal within fourteen days of that order deprived the court of appellate jurisdiction. *Id.* at 592.

Clearcom's Opposition relies heavily on several cases which generally find that orders imposing civil, rather than criminal, contempt are not final orders and thus are not "ordinarily appealable." Almost all of the case law cited by Clearcom, however, does not stem from bankruptcy disputes: *OSRecovery* (cited in Opp. at 5) does not involve a bankruptcy case at all, and *Soundview Elite* and *Reifler* (cited in Opp. at 4 and 5-6) involve contempt orders issued in adversary proceedings.[3] These types of cases largely mirror traditional two-party civil actions,[4] and are thus not

---

[3] The remaining case cited by Clearcom, *Livecchi v. Gordon*, 513 B.R. 209, 214 (W.D.N.Y. 2014) (cited in Opp. at 6), is an appeal that deals with an order issued in a bankruptcy case. The court in *Livecchi,* however, did not undergo any detailed analysis as to the finality, and cites to a non-bankruptcy case for the holding that civil contempt orders are not ordinarily appealable.

[4] Notably, both *Soundview* and *OSRecovery* differentiated between civil contempt orders issued against parties in the dispute and those issued against non-parties. *See In re: Soundview Elite, Ltd.,* Case No. 15-5666, 2016 WL 1178778, at *8–9 (S.D.N.Y. Mar. 23, 2016) ("Civil contempt orders against parties to an action are non-final orders . . . [c]ivil contempt orders against non-parties, however, are immediately appealable."); *OSRecovery, Inc. v. One Groupe Int'l, Inc.,* 462 F.3d 87,

7

subject to (and do not take into account) the considerations surrounding bankruptcy finality articulated by the Ninth Circuit and the Supreme Court above. *See, e.g., In re Chatha,* Case No. 19-02341, 2020 WL 1082783, at *1 (E.D. Cal. Mar. 6, 2020), *aff'd sub nom. Chatha v. Whatley,* Case No. 20-15519, 2021 WL 4301511 (9th Cir. July 16, 2021) (noting that the "substantive rights" and "discrete issue" approach "does not apply in bankruptcy adversary proceedings because adversary proceedings are merely federal civil actions under another name."); *In re Belli*, 268 B.R. 851, 855 (B.A.P. 9th Cir. 2001) (unlike the finality approach used for bankruptcy disputes, finality in adversary proceedings does not differ from finality in ordinary federal civil actions). These cases cited by Clearcom are thus both factually distinguishable and legally inapposite.

Within the realm of bankruptcy, a contempt order is immediately appealable if the above-described Ninth Circuit finality test is met. In *In re SoCal Sleep Centers, LLC*, for instance, the Ninth Circuit's Bankruptcy Appellate Panel held that a civil contempt order was final and immediately appealable, because it resolved the discrete issue of the imposition of private sanctions against the debtor's attorney. Case No. 14-28581, 2016 WL 4198534, at *8 (B.A.P. 9th Cir. Aug. 8, 2016).

---

89–90 (2d Cir. 2006) (same). This distinction does not hold in bankruptcy: in light of the far-reaching impact a bankruptcy may have on individuals or entities involved with the debtor, the Bankruptcy Code characterizes the debtor, trustee, all of its creditors, all of its equity security holders, and other interested parties with indirect interests in the bankruptcy process all as "parties-in-interest" with a right to be heard. *See* 11 U.S.C. § 1109.

Because no timely appeal had been filed in compliance with Rule 8002(a), the court was deprived of appellate jurisdiction to review the civil contempt order. *Id.* at *8-9. This finding was made even though the bankruptcy court later entered an amended order which altered the funding source for the payment of the sanctions. *Id.* (holding that the entry of the amended order did not extend the time to appeal the original order). The appeal was only timely filed as to the amended order, and therefore only the amended order (regarding the change of funding source) could be reviewed – not the original order, which contained the finding of sanctionable conduct. *Id.*

A similar ruling was issued in *In re Stasz,* which held that an order issuing sanctions for civil contempt in a bankruptcy case was a final, immediately appealable order. 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008). *See also id.* at 275 (differentiating between appeals of contempt orders issued in bankruptcy cases, and appeals of contempt orders "awarded in general litigation or in an adversary proceeding in bankruptcy").

The cases cited by Clearcom in support of its position are wholly inapplicable. The Contempt Order here was issued by the Bankruptcy Court in the main Paniolo Bankruptcy, not in an adversary proceeding. Under the Ninth Circuit's binding precedent governing bankruptcy finality, the Contempt Order constituted a final order, which should have been immediately appealed.

### C. Clearcom's timely appeal of the Final Enforcement Order does not cure the jurisdictional defect in its late-filed appeal of the Contempt Order.

Clearcom attempts to justify its late appeal of the Contempt Order by asserting that such appeal was timely filed after the Bankruptcy Court's reconsideration of the Final Enforcement Order. *See* Opp. at 2. This argument is a non-sequitur: neither the Main MTE nor the resulting Final Enforcement Order addressed the Contempt Order or the Spare Reels in any way. The Main MTE and the Contempt Motion (and the resulting orders) each dealt with separate, discrete issues regarding the parties' substantive rights.[5] Clearcom's Opposition, in fact, does not explain any connection between the two motions; it instead asks the Court to ignore the "lengthy history" underlying its appeals. Opp. at 3. Clearcom separately asserts that it "waited until the bankruptcy court ruled upon Clearcom's Motion for Reconsideration, then timely filed its Notice of Appeal." Opp. at 2-3. But Clearcom's motion for reconsideration did not seek reconsideration of the Contempt Order – it only sought reconsideration of certain findings in the Final Enforcement Order. *See* Paniolo Bankr., ECF 740 and ECF 745.

---

[5] While both motions originally stemmed from disputes in connection with the 363 Sale, different aspects – and different assets – of the sale were contested in each dispute. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 591 (2020) (noting that the bankruptcy analysis for finality is not affected by whether a court's decision is "potentially pertinent to other disputes in the bankruptcy case," but rather whether the order "conclusively resolved the movant's entitlement to requested relief.") Here, the dispute regarding the ownership of the Spare Reels had been conclusively resolved through the issuance of the Contempt Order, which had mandated the turnover of these assets to HTI.

In the case of *In re SoCal Sleep Centers,* the timely appeal of the **amended** order could not provide the court with appellate jurisdiction over the untimely appeal of the original order, even though the amended order had changed a portion of the original order. *See supra* at 8-9; 2016 WL 4198534, at *8-9. Clearcom's untimely appeal of the Contempt Order cannot reasonably be rescued by its timely appeal of the Final Enforcement Order, which is an entirely separate order addressing different issues.

Given the multi-party, multi-issue nature of bankruptcy cases and controversies, orders that fully resolve a discrete disputed issue, or the discrete question of ownership over a disputed asset, must be considered final and immediately appealable. To hold otherwise would be both untenable and unreasonable. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 587 (2020) (discussing risks that might result from delaying appeals of fully adjudicated disputes in bankruptcy). Through the issuance of the Contempt Order, the Bankruptcy Court fully and finally resolved the issue of ownership of the Spare Reels. As a result, Clearcom's failure to appeal the Contempt Order in a timely fashion now bars this Court from reviewing this portion of its appeal.

### III. CONCLUSION

For the foregoing reasons, HTI respectfully requests (1) dismissal of Clearcom's appeal of the Contempt Order, and (2) any other and further relief which the Court deems just and proper.

DATED: Honolulu, Hawaii, February 6, 2023

**PETTIT LAW HAWAI'I LLLC**

/s/ Ted N. Pettit
TED N. PETTIT
And
MORGAN, LEWIS & BOCKIUS LLP
ANDREW J. GALLO
MELISSA Y. BOEY
Attorneys for
HAWAIIAN TELCOM, INC.