TAMASHIRO SOGI & BONNER
A Law Corporation

ADDISON D. BONNER        9163-0
TREVOR N. TAMASHIRO      9584-0
705 S. King Street, Suite 105
Honolulu, Hawaii 96813
Tel. No. (808) 492-1907
Fax No. (808) 356-1581
Email: adb@tsbhawaii.com
       tnt@tsbhawaii.com

Attorneys for Appellant
CLEARCOM, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| CLEARCOM, INC.,<br><br>   Appellant,<br><br>  v.<br><br>HAWAIIAN TELCOM, INC.,<br><br>   Appellee. | Case No. 1:22-CV-00428-JAO-KJM<br>(Bankruptcy Appeal)<br><br>**APPELLANT CLEARCOM, INC.'S REPLY BRIEF; CERTIFICATE OF COMPLIANCE; CERTIFICATE OF SERVICE**<br><br>Originating Case Information<br><br>Case No. 18-01319<br>Chapter 11<br>Hon. Robert J. Faris |

―――――――――――――――――――――――――――――

ON APPEAL FROM THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF HAWAII
―――――――――――――――――――――――――――――

**APPELLANT CLEARCOM, INC.'S REPLY BRIEF**

1

## <u>TABLE OF CONTENTS</u>

<u>TABLE OF CONTENTS</u> ...................................................................i

<u>TABLE OF AUTHORITIES</u> ........................................................ ii

**THE BANKRUPTCY COURT HAD NO JURISDICTION TO
<u>ORDER THE TURNOVER OF CLEARCOM'S SPARE REELS</u>** ...................2

**THE BANKRUPTCY COURT'S ORDER UNDER SECTION
363 DID NOT, AND COULD NOT, TRANSFER TO
<u>HTI ASSETS THAT THE TRUSTEE NEVER OWNED</u>** ...................................3

**THE BANKRUPTCY COURT DOES NOT POSSESS THE POWER TO
<u>INVENT A NEW PROCEDURE TO EFFECT AN EXECUTION SALE</u>**........4

**THE BANKRUPTCY COURT'S ATTEMPT TO GIFT SIC'S
AND CLEARCOM'S PROPERTY TO HTI VIOLATES
THE HAWAI'I STATE CONSTITUTION AND IS
<u>AN UNCONSTITUTIONAL PHYSICAL *PER SE* TAKING</u>** ...........................5

**<u>CONCLUSION</u>**...............................................................................7

# TABLE OF AUTHORITIES

Federal Cases

*Bullard v. Blue Hills Bank*, 575 U.S. 496, 135 S.Ct. 1686 (2015) ............................3

*Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021) ............................................6

*Kaiser Aetna v. United States*, 444 U.S. 164, 100 S.Ct. 383 (1979) ........................6

*Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 102 S.Ct. 3164 (1982) .............................................................................................................................6

*Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S.Ct. 3141 (1987)....6

*Ritzen Group, Inc. v. Jackson Masonry, LLC, 140 S.Ct. 582 (2020)* ......................2

*United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062 (1946) ..................................6


State Statutes

Haw. Rev. Stat. § 636-3 ................................................................................................4

Haw. Rev. Stat. § 651-36 *et seq*.............................................................................4, 5

Haw. Rev. Stat. § 651-42 ...........................................................................................26

## THE BANKRUPTCY COURT HAD NO JURISDICTION TO ORDER THE TURNOVER OF CLEARCOM'S SPARE REELS

Appellee HAWAIIAN TELCOM, INC.'s ("HTI" or "Appellant")
Answering Brief wrongfully attempts to divest this Court of appellate jurisdiction
by arguing that the Contempt Order is effectively mooted because Appellant
CLEARCOM, INC. ("Appellant" or "Clearcom") turned over the Spare Reels.
Answering Br. At 13.  Not so.  Clearcom merely complied with the Contempt
Order to avoid the improper sanctioning of Sandwich Isles Communications, Inc.
("SIC") by the Bankruptcy Court.   As argued in the Opening Brief, neither
Clearcom nor its Spare Reels were subject to the Bankruptcy Court's jurisdiction.
*See* Opening Br. at 17, 21.

To be clear, the instant appeal challenges the Reconsideration Order,
which consists of a challenge to the Bankruptcy Court's improper imposition of the
Contempt Order against SIC—an order that divested Clearcom of its assets.  HTI
would have this Court believe that the Contempt Order cannot be challenged.
HTI's position is wrong.  Clearcom was forced to comply with an improper
jurisdictional overreach by the Bankruptcy Court.  Such a result is not only unfair,
it is legal error due to the jurisdictional issues raised in the Opening Brief.

Finally, HTI argues that Clearcom should be precluded from
appealing the Contempt Order because it was a "final decision" under the *Ritzen
Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582 (2020) case decided by the

2

United States Supreme Court.  However, as briefed in the Opening Brief, the Contempt Order merely threatened to impose a sanction upon SIC for not turning over the Spare Reels.  Opening Br. at 18-19.  That Contempt Order was neither a "final decision" nor did it dispose of discrete disputes within the larger bankruptcy case.  *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 135 S. Ct. 1686 (2015).  For these reasons, Clearcom respectfully requests that this Court find Clearcom's appeal timely and overturn the Bankruptcy Court's prior rulings.

**THE BANKRUPTCY COURT'S ORDER UNDER SECTION
363 DID NOT, AND COULD NOT, TRANSFER TO
<u>HTI ASSETS THAT THE TRUSTEE NEVER OWNED</u>**

HTI's argument is essentially that this Court should not opine upon the Bankruptcy Court's jurisdictional overreach because Clearcom's arguments are untimely.  This argument overlooks the circumstance that the Trustee simply did not, and could not, transfer something which it did not possess.  The simple fact is that the Trustee could not, and did not, sell what he did not own.  There is no unwritten bankruptcy power that gives the Trustee the ability to give (or sell) to HTI assets that the Trustee owned no interest in.  Nothing the Bankruptcy Court could have put in a 363 Order changes that simple fact.

Stated plainly, the Trustee did not acquire Clearcom's Spare Reels or its license rights under License 372, and thus could not transfer it to HTI.  The same is true of SIC's interest in License 372 and the entirety of License 372.  At no point

3

were any of these assets owned by the Trustee.  It follows, then, that HTI could not have legally acquired these assets from the Trustee in the underlying bankruptcy proceeding.  The entirety of these transfers stand as a jurisdictional overreach by the Bankruptcy Court which should be overturned in this appeal.

## THE BANKRUPTCY COURT DOES NOT POSSESS THE POWER TO INVENT A NEW PROCEDURE TO EFFECT AN EXECUTION SALE

Under Hawaiʻi law, a judgment-creditor creates a lien against the judgment debtor's real property by recording the judgment in the Bureau of Conveyances.  *See* Haw. Rev. Stat. § 636-3.  Creating a lien by recording the judgment **does not** transfer ownership of any property.  The Trustee only levied and executed on a specific subset of the assets it recorded its judgment lien against.  Those specific assets are identified in the Writ of Execution.  Appx. 716.  Clearcom's interest in License 372 was neither identified nor transferred via the Writ of Execution.  Thus, that interest should not have changed hands.

HTI's Answering Brief does nothing to mask the clear error that the Bankruptcy Court ignored the United States Marshal's failure to levy and execute License 372, as is required under Hawaiʻi law.  Rather, HTI again relies upon legally improper procedures that purport to transfer License 372 to HTI.  Clearcom's Opening Brief explains that Hawaiʻi's laws to effect execution sales cannot be subsumed by the Bankruptcy Court's decisions to ignore Hawaii laws and procedures.  *See* Opening Br. at 25-27; Haw. Rev. Stat. § 651-36 *et seq.*  In

4

spite of HTI's attempts to split hairs to justify the incorrect procedure to transfer License 372, it is clear that the Bankruptcy Court engaged in an improper method to circumvent the levy and execution process governed by Hawaiʻi Revised Statutes § 651-36 *et seq*. The improper transfer of License 372 should not stand.

### THE BANKRUPTCY COURT'S ATTEMPT TO GIFT SIC'S AND CLEARCOM'S PROPERTY TO HTI VIOLATES THE HAWAIʻI STATE CONSTITUTION AND IS <u>AN UNCONSTITUTIONAL PHYSICAL *PER SE* TAKING</u>

Finally, it is clear that the Bankruptcy Court violated the Hawaiʻi State Constitution and the Takings Clause of the United States Constitution by giving SIC's property to HTI "free and clear of encumbrances" in the underlying bankruptcy action. The same is true of the Bankruptcy Court's decision to force the turnover of Clearcom's Spare Reels. Both actions were violative of the Takings Clause and should be overturned on appeal.

Under *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (June 23, 2021), it is clear that the USA has committed a *per se* violation of the Takings Clause because it appropriated SIC and Clearcom's respective "right to exclude" others from utilizing their property. In *Cedar Point*, the U.S. Supreme Court analyzed a California regulation that granted labor organizations a "right to take access" to an agricultural employer's property in order to solicit support for unionization. *Cedar* Point at 2066. The subject regulation mandated that

agricultural employers allow union organizers onto their property for up to three

(3) hours per day, 120 days per year. *Id.* The employers sought to enjoin

enforcement of the access regulation on the grounds that it appropriated without

compensation an easement for union organizers to enter their property and

therefore constituted an unconstitutional *per se* physical taking under the Fifth and

Fourteenth Amendments. *Id.*

The U.S. Supreme Court analyzed various physical takings arising out

of government authorization. *Id.* at 2073-74. Consistently, the U.S. Supreme

Court reasoned that regardless of the means or methodology of the taking, a

physical invasion of property constituted a per se physical taking requiring just

compensation. *Id.* (citing *United States v. Causby*, 328 U.S. 256, 66 S.Ct. 1062

(1946); *Kaiser Aetna v. United States*, 444 U.S. 164, 100 S.Ct. 383 (1979); *Loretto*

*v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 102 S.Ct. 3164 (1982);

*Nollan v. California Coastal Commission*, 483 U.S. 825, 107 S.Ct. 3141 (1987)).

Even a temporary taking that allowed union organizers to traverse property at will

for three (3) hours a day, 120 days a year constituted a "taking" requiring just

compensation. *Id.* at 2074 The instant situation is analogous.

Here, in the context of Clearcom, the Bankruptcy Court divested

Clearcom of the Spare Reels. Neither Clearcom nor its Spare Reels should have

been subject to the Bankruptcy Court's jurisdiction. As stated above, to avoid the

imposition of sanctions, Clearcom turned over its property while "reserving all rights to assert its claims to ownership in the future."  Bankr. ECF 705.  At no point did Clearcom acquiesce to the Bankruptcy Court's improper taking of the Spare Reels.  Further, no compensation has been provided to Clearcom as is required by the Takings Clause.  Based on the foregoing, Clearcom respectfully requests that this Court reverse the Contempt Order.

## CONCLUSION

Based on the foregoing, Clearcom asks that this Court reverse the Contempt Order.  Further, because the Bankruptcy Court overstepped its jurisdiction in transferring License 372 and ordering the turnover of the Spare Reels, Clearcom requests that this Court reverse the Final Order and Reconsideration Order.

DATED:  Honolulu, Hawaiʻi, May 24, 2023.

/s/ Trevor N. Tamashiro
ADDISON D. BONNER
TREVOR N. TAMASHIRO

Attorneys for Appellant
CLEARCOM, INC.

<u>**CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 8015**</u>

I hereby certify that the Microsoft Word Count shows that this brief

(exclusive of the case caption, table of contents, table of authorities and this

certificate of counsel) contains 1,314 words.

DATED:  Honolulu, Hawaiʻi, May 24, 2023.


<u>/s/ Trevor N. Tamashiro</u>
ADDISON D. BONNER
TREVOR N. TAMASHIRO

Attorneys for Appellant
CLEARCOM, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Hawaiʻi by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED:  Honolulu, Hawaiʻi, May 24, 2023.

<u>/s/ Trevor N. Tamashiro</u>
ADDISON D. BONNER
TREVOR N. TAMASHIRO

Attorneys for Appellant
CLEARCOM, INC.

1